[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 572 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 573 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 574 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 575 
There are but two questions which we deem of sufficient importance to notice in our examination of this case:
First. Did the judge err in rejecting the offer to prove that the plaintiff kept a house of ill-fame. We have been unable to discover, from an examination of the authorities cited by the defendant's counsel, that he is in any manner sustained in this point by them. It is held, that in questions of fraud, and in determining the probability of a secret trust, all the circumstances surrounding the transactions are to be considered; the persons who, the time when, the place where, and every fact which can affect or color the relations and motives of the parties.
We are unable, however, to preceive that the fact of the plaintiff's being a keeper of a house of ill-fame is a circumstance connected with the transaction, in relation to the property in this case. It is true that the plaintiff lent money to Burbridge. It is not, however, shown that Burbridge was connected with the plaintiff in her house by any personal arrangement or intimacy, with the exception of the mere facts that she employed him to aid and advise Leonard in carrying on the cigar business, after his failure, and previous to that time had lent him money. We agree with the court below that the proposed question was quite too remote to affect the question of title to the property claimed. We *Page 576 
think too, that the case of Van Buren v. Wells (17 Wend.,
203), is in point to sustain the judge in his decision. The fact offered to be proved was a mere isolated fact, not shown to be relevant by any evidence which had preceded it, and the defendant did not offer to make any subsequent proof which showed its relevancy.
The only question then on which there can be any claim to reverse the judgment, is the refusal of the judge to charge the jury that if they find the title to the horse still remained in Van Antwerp Co., when the action was commenced, the plaintiff cannot recover; and the charge, that if the purchase of the horse was made by the plaintiff in good faith, and there was no fraud, or intent to hinder, cheat, delay or defraud creditors, the plaintiff, under the bill of sale and delivery and payment, if they were made as testified to, obtained a sufficient title to enable her to maintain the action, even although it be true that one thousand cigars remained due to Van Antwerp Co., on account of the horse.
The case of Ingraham v. Hammond (1 Hill, 353), was an action of replevin for taking a yoke of oxen. The defendant, Hammond, pleaded property in Meade his co-defendant. Each then pleaded various pleas of property in other persons, strangers to the suit. The pleas did not connect the defendants or either of them with the title set out, and each plea prayed a return of the property. The plaintiff demurred to all of the pleas and the defendants joined in demurrer.
The court, COWEN, J., says: "It has long been settled and never questioned, that in replevin, the plea of property in a third person is good, and entitles the defendant to have a return thereof without connecting himself with the right of such person or making avowry. The reason assigned is given from Salkeld,
66, whether the property be in a defendant or a stranger, the defendant ought to have a return because he had the possession which was illegally taken from him by the replevin." *Page 577 
The same doctrine was held in the case of of Prosser v.Woodward (21 Wend., 205). In the case of Rogers v. Arnold
(12 Wend., 30), which was an action of replevin for taking the mill irons or machinery of a saw-mill, being the goods and chattels of the plaintiff. The defendants pleaded, alleging property in the goods and chattels to be: First, in themselves and one Earl Whitford as tenants in common: Second, in themselves as tenants in common with Earl Whitford and the plaintiff: Third, in themselves: Fourth, in themselves and the plaintiff as tenants in common: and Fifth, in Foster Whitford, one of the defendants. Each plea traversing the property of the goods, c., in the plaintiff. To those pleas the plaintiff replied, reaffirming the property in the goods to be in himself. The court in this case say: "It has been long settled in this state that the possession of personal chattels by the plaintiff and actual wrongful taking by the defendant are sufficient to support replevin, and that it may be brought where trespass de bonis asportatis will lie," citing 7 John., 140; 17 Id., 116; 1 Wend., 109; 10 Id.,
322, 344.
This case concedes, that the defendant in replevin may plead property in himself or in a stranger in bar of the action, and pray for a return and damages. Mr. Justice NELSON, delivering the opinion of the court, quotes from Baron GILBERT'S Treatise on the Law of Replevin, as follows: "Property in the defendant is a good bar because it avoids the injustice of the caption which is the gist of the action, by showing he had a right to take it; and this not only abates the writ of the plaintiff whereby deliverance was made to him, but destroys all his right to the property." The learned justice then adds: "Substantially the same reasons are given for the plea of property in a stranger, though it has been well said elsewhere, that this plea is not founded on very accurate reasoning. For the plaintiff being in possession of the goods at the time of the caption, which is admitted by the plea, it is difficult to see how the defendant shows a right to the return of the property taken on replevin *Page 578 
by proving title to it in a stranger. Upon this view of the case, the possession of the plaintiff would be left untouched which, as we have already seen, is a sufficient ground prima facie to sustain the action."
Again the learned justice says: "When we speak of property in the plaintiff or in defendant in this action, it is material to understand what is meant by the term. From the language used in some of the books it might be inferred that the question between the parties involved the absolute ownership of it. The cases already referred to showing under what circumstances this action will lie negative this idea. Right to the possession anddominion of the goods and chattels for the time is all that is essential. This is the view which this court had of the question at an early day. (1 John. Rep., 380.) It is conceded by the learned judge who delivered the opinion in that case, that an interest in the property which would have sustained trespass or replevin would have constituted a good replication to the plea of property in a stranger. The property, then, whether in a defendant or a third person, sufficient to sustain a defence, must be such as goes to destroy the interest of the plaintiff, which, if existing, would sustain the action; or, in other words, such as would defeat an action of trespass if brought in place of this, in case of a wrongful taking, or trover if brought for a wrongful detention. All that can be material for the plaintiff to maintain against a plea in bar is an interest in orconnection with the property, which would give to him the action of replevin as an appropriate remedy for a wrongful taking or detention."
The plaintiff in this case proved a title in herself sufficient to authorize her to recover. She had the possession and rightful possession of the horse, against all the world, including Van Antwerp Co. She had the absolute right against everybody except Van Antwerp Co. It would be unjust to allow the defendant, who has no privity of interest with the absolute owners (even admitting Van Antwerp *Page 579 
Co., to be the absolute owners), to defeat her recovery and realize the value of property which he has no possible claim upon, by a mere technicality such as is claimed in this case. As against the defendant, the plaintiff has proved title in herself, and is entitled to recover. The rule that a plea of property in a stranger is a good plea in replevin, without connecting the defendant therewith, is a rule of pleading, and is not infringed upon by the decision in this case.
The charge of the judge was as favorable to the defendant, as to the matters requested, as he was entitled to. The judge charged the jury that if in fact the plaintiff was not the owner of the property the defendant was entitled to the verdict. The defendant was entitled to nothing more favorable. The part of the charge excepted to was right.
The form of the judgment cannot be taken advantage of by exception. No exception can reach a matter of that kind. If the judgment is wrongly entered up, the defendant should have moved the court to set it aside for irregularity.
On the whole, the judgment must be affirmed.
All the judges concurring,
Judgment affirmed.