By the Court, Robertson, Ch. J.
The pleadings, except such parts of their contents as may appear in the affidavits on which the motion to refer was made and opposed, are not before us on the argument of the present appeal; no printed copies having been furnished according to the rule of this court. A document in manuscript, purporting to be a copy of the pleadings, was handed up to one of the judges, for what purpose does not appear, unless perhaps to be sent around by each judge to the .others, after his perusal. It' therefore cannot be taken notice of. Printing papers is not for the benefit of counsel or parties, but of the Court, and is not to be dispensed with, except by its order. The frequent disregard of the rule, and consequent imposition of greater labor on the court, requires that it should be enforced, by considering only such papers as are printed, as being before them.
The decision at special term of the question whether this case requires the examination of a long account, so far as it is involved as a matter of fact, may perhaps be considered as settled definitively at special term. But the affidavit of the attorney for the defendants, the Falconers, (G. Carpenter, Esq.) shows that fraud is charged in this *47 action, in the execution of some trust deed, reserving commissions; and also fraud and collusion between one of the defendants, (Barger,) who was receiver in a‘former suit for the same cause, and the defendant William H. Falconer. The affidavit of the defendants’ counsel, (J. E. Parsons, Esq.) also alleges that the plaintiff and William Falconer, (of whom the defendant William H. Falconer is sued as executor,) accounted together regularly respecting the rents and profits of the premises in question, and settled the same, so as to' close such accounts. It does not appear from any thing before us, how or why the defendant Sophronia Falconer is made a party; between whom the account is to be taken; or why William H. Falconer is sued as executor of William Falconer, and trustee also. As it appears, by the affidavit of the defendants’ counsel, that the plaintiff and the deceased testator accounted respecting the premises in question, it would appear that one account to be taken was between the plaintiff and the estate of the deceased testator. Also that there was another with the defendant William H. Falconer, as trustee; and a third with such defendant and the defendant Barger, as receiver, acting together oollusively. There must, therefore, be three judgments in this action, not apparently connected together, or, if connected, requiring the equities arising therefrom between the defendants, if any, to be settled by the judgment of the court. It is evidently what formerly would have been an equity case. Although the Code blends equity and common law jurisdictions together, the section of it which authorizes references, (§ 271,) does not give an absolute right to have all the "issues referred, merely because a long account is involved. As a referee has no power to adjust equities between the parties, or order any thing but the payment of money, and yet his decision is to be the judgment of the court, it is very evident that it *48 would be unjust and impolitic that the mere necessity of taking an account should drag with it, for trial before a referee, all other matters in the action, which may infinitely more require the vigilance, discretion and experience of the court, than merely taking an account. The Code, by expressly permitting, even where a long account is involved, (§ 271, subd. 1,) the referee to be confined to passing upon a specific question of fact involved in the issue, and by allowing an account to be taken, as a separate matter, for the information of the court., (id. subd. 2,) not only authorized, but required that neither party should be deprived of the benefit of a trial before a court or a jury, as to matters not involved in the account. In this case it is evident, that the charges of fraud should not be tried by a referee, and that the jurisdiction to require any 'acts to be done by either party, and the adjustment of equities, should be retained by the court. The plaintiff did not state, in her affidavit, that the only issues involved were those embraced in the taking of an account, or that taking such account would dispose of all the rights of the parties, as she ought to have done ; and enough is shown on the other side to establish that other issues are involved. It was, therefore, not a matter of discretion with the court.
The application came before the court under suspicious circumstances, after the issue .had been joined five months, without any excuse for the laches. Two previous applications had been made to different justices of this court, for a reference of the cause, while on the trial calendar, and denied, after an argument of over three hours,' on one occasion. Experiments of such a kind ought not to be encouraged, even were such decisions not binding as res judicata. The right to move, at a trial term, for an order of reference, can only exist when the cause is on the calendar ready for trial; and the object is to prevent its *49 being then tried. To require formal orders to be entered, whenever an application is made to get rid of an imminent trial, by a court or jury, would only unnecessarily delay the business of the court, and complicate proceedings. The authority of the decision is equally binding, whether an order is entered or not.
This qourt might, perhaps, have modified the order of reference, so as to order some specific question of fact to be' inquired into, or some account taken, under subdivisions 1 and 2 of section 271 of the Code; but the papers before us furnish no data to describe such fact or account. The order must, therefore, be wholly reversed, but without costs.