By the Court. —Curtis, J.
This case presents different questions from those appearing upon the former appeal (40 N. Y. Superior Ct. 442). The pleadings have been since substantially amended.
The property had been delivered to the plaintiff, and the defendant in his answer claimed a return of it. It is the right of the plaintiff, when in such a case the verdict is for the defendant, to return the property, instead of paying the value of it. Such payment can only be required of him where a return cannot be had (Code, § 261, subd. 1).
The Code, § 277, directs that “if the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had.”
These two sections of the Code indicate the form of the verdict and of the judgment to be entered upon it, in a case like the present, when the property in question has been delivered to the plaintiff, and the defendants by their answer claim a return of it.
It is difficult to reconcile with these specific provisions, the verdict of the jury and the judgment entered in the present case.
The judgment as to the horses is not in the alternative, as it should have been.
It is not sufficient to say, that the plaintiff could not return them as there had been testimony tending to show he had sold them. What disposition he had made with the horses in the mean time, does not affect his legal right to return them, instead of paying for them. This right the law unrestrictedly secures to him, provided he is able to do so, when judgment is entered against him. The plaintiff objects to the pro *322 vision in the judgment that the defendant recover one hundred and seventy-seven dollars and seventy-seven cents, costs and disbursements taxed on the former trial. The present record justifies no such provision in the judgment entered upon this verdict. The costs of the former trial must be governed by the direction of the court heretofore made in regard to them, and which should appear in the judgment roll for the guidance of the clerk in adjusting the costs and entering the judgment.
The remedy of the plaintiff for these objections to the form of the judgment is not by appeal. They are irregularities which cannot be reached and brought up by exceptions. When the judgment is thus wrongly entered up, the plaintiff should move to set it aside for irregularity. The objections of the plaintiff, thus far considered, may be obviated by amendments of the judgment (Johnson v. Carnley, 10 N. Y. 570; Ingersoll v. Bostwick, 22 N. Y. 425 ; Fitzhugh v. Wyman, 9 N. Y. 559).
Copies of certain bills of one John C. Ham were read in evidence. The defendant claims that the object of this testimony was to show, first, that a part of this property, viz., the double harness, was never included in the mortgage, having been bought long after the mortgage was made and recorded ; second, to show that the phaeton which is claimed by the plaintiff in this action under and by virtue of title from this chattel mortgage, was obtained from John C. Ham, long after the chattel mortgage was made and filed, and lastly, to show that plaintiff allowed a part of the property covered by this chattel mortgage to be exchanged, and the difference paid by other parties who took title in their own name.
The plaintiff excepted to its admission, but it was admitted to show the exchange of a part of the property. The exchange of a part of the property, the car *323 riage and harness was already shown by the testimony of the plaintiff and of the witness Evans, and so far as it tends, to show what was nncontradictedly and fully proved at the trial by these witnesses, this evidence objected to and which was improperly admitted, is of no importance as affecting the result. Hone of the exceptions in the case are of such a nature as to require a reversal of the judgment.
The judgment and order appealed from should be affirmed with costs.
Van Vorst, J., concurred.