WILLIAM H. ROBINSON, APPELLANT, *v.* NATHANIEL HALL, RESPONDENT, IMPLEADED, ETC.

*Practice — a final judgment cannot be entered until all the issues are disposed of — the remedy of a party aggrieved by the irregular entry of a judgment is by motion at Special Term and not by appeal.*

To the complaint in this action, which contained five separate causes of action, the defendant demurred, upon the grounds that there was an improper joinder of causes of action, that the second cause of action therein stated did not state facts sufficient to constitute a cause of action, and that the third cause of action did not state facts sufficient to constitute a cause of action. Upon the hearing of the issues raised by the demurrer it was decided that the second cause of action as set forth in the complaint did not state facts sufficient to constitute a cause of action. The defendant thereupon entered a judgment dismissing the complaint as to the second cause of action and for costs. Upon an appeal taken by the plaintiff from this judgment:

*Held,* that as the issues of law raised by the first and third grounds of demurrer had not been decided, no final judgment could be entered.

That the remedy of the plaintiff was not by appeal, but by a motion at Special Term to have the judgment so irregularly entered vacated and the remaining issues properly disposed of.

That the appeal should be dismissed.

APPEAL by the plaintiff from a judgment, entered in Monroe county upon a decision at a Special Term sustaining a demurrer to the complaint interposed by the defendant.

*J. M. Dunning*, for the appellant.

*A. H. Harris*, for the respondent.

CHILDS, J. :

The defendant demurred to the complaint herein upon the ground :

*First.* That the causes of action have been improperly united.

*Second.* That the complaint, in the second cause of action therein set forth, does not state facts sufficient to constitute a cause of action.

*Third.* That the complaint, in the third cause of action therein set forth, does not state facts sufficient to constitute a cause of action.

The complaint contained five separate causes of action.

The issue of law raised by the demurrer was argued at the Monroe Special Term, and the justice presiding held and decided "that said second cause of action contained in the complaint herein does not state facts sufficient to constitute a cause of action. The demurrer is sustained and the complaint must be dismissed as to said second cause of action, with costs to the defendant," and directed judgment to be entered accordingly. Upon this order the defendant entered judgment dismissing the complaint as to said second cause of action and for forty-six dollars and forty-nine cents costs to the defendant.

The issues of law raised by the first and third grounds of demurrer remain undetermined, therefore no final judgment could be entered (Code of Civil Pro., § 1021 ; *Masters* v. *Barnard*, 6 How., 113 ; *Belknap* v. *McIntyre*, 2 Abb., 366 ; *Bucking* v. *Hauselt*, 9 Hun, 633 ; *Brevoort* v. *Brevoort*, 8 J. & S., 211), and the entry of judgment for costs by defendant was irregular.

The remedy of the plaintiff was, therefore, by application to the court at Special Term, and not by an appeal to this court. (*Johnson* v. *Carnley*, 10 N. Y., 570 ; *Ingersoll* v. *Bostwick*, 22 id., 425.) On such an application the court could set aside the judgment irregularly entered and make such order as would properly dispose of the remaining issues raised by the demurrer, and, in case the demurrer should be overruled as to such issues, save to the defendant the right to answer upon such terms as should be imposed. We are aware that the General Term has entertained an appeal and reversed in similar cases, but it does not appear that the attention of the court in those cases was called to the question here discussed. We

are of the opinion that correct practice requires us to refuse to entertain this appeal and to remit the parties to the Special Term, where their rights' can all be settled. We express no opinion as to the correctness of the decision sustaining the demurrer.

This appeal should, therefore, be dismissed, but as both parties are at fault in their practice, without costs and without prejudice to the right of plaintiff to apply to the court at Special Term for such relief as he shall be advised.

BRADLEY and HAIGHT, JJ., concurred.

Appeal dismissed, without costs to either party, and without prejudice to the right of the plaintiff to apply at Special Term for such relief as he may be advised.