WILLIAM S. GERITY, Respondent, *v.* THE SEEGER & GUERNSEY COMPANY et al., Appellants, Impleaded with Another.

1. REFERENCE — CLERK'S ENTRY OF ORDER OF REFERENCE ON MINUTES OF COURT — CODE CIV. PRO. § 767. An entry made by the clerk of a Circuit and Special Term of the Supreme Court upon the minutes of such court, "that the above-entitled cause having been reached in its regular order on the calendar and on consent of both parties, it is ordered, that this cause be referred" to a referee named "to hear, try and determine the same," is a full compliance with section 767 of the Code of Civil Procedure requiring an order of the court or of a judge to be in writing.

2. OMISSION TO INSERT ORDER OF REFERENCE IN JUDGMENT ROLL NOT REVERSIBLE ERROR. The failure of the attorney for a party securing judgment upon the decision of a referee to obtain an extract from the minutes of the court showing the order of reference and insert it in the judgment roll, as required by section 1237 of the Code of Civil Procedure, although an irregularity for which the judgment might have been set aside on motion, unless permission was given to supply the defect, does not constitute an error for which the judgment can be reversed on appeal.

3. ACT OF REFEREE IN PROCEEDING WITHOUT CERTIFIED COPY OF ORDER APPOINTING HIM. Although a referee should not proceed a step in the exercise of his duties without a certified copy of the order appointing him in his hands, and if he does so proceed, takes the risk that his authority may not exist and that he may subject himself to personal liability for his improper or erroneous assumption of power, such act does not constitute legal error for which a judgment entered upon his decision should be reversed on appeal.

*Gerity* v. *Seeger & Guernsey Co.*, 20 App. Div. 637, affirmed.

(Argued April 4, 1900; decided May 15, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 5, 1897, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Gabriel L. Smith* for appellants. The referee erred in going to trial without a copy of the order of reference, when it was demanded by the defendant before the trial began. (3 Waite's Pr. 256, 257 ; 2 Rumsey's Pr. 355 ; 2 Whitaker's N. Y. Pr. 413 ; Baylies' Trial Pr. 74, 532 ; *Moffatt* v. *Judd,* 1 How. Pr. 193 ; *Mooney* v. *Ryerson,* 8 Civ. Pro. Rep. 435 ; Edwards on Referees, 10 ; Poor on Referees, 34 ; *Bonner* v. *McPhail,* 31 Barb. 116 ; *Sullivan* v. *Sullivan,* 52 How. Pr. 453.)

*Richard H. Thurston* for respondent. No error was committed by the referee in going to trial without a copy of the order of reference when it was demanded by the defendant before the trial began. (*Bonner* v. *McPhail,* 31 Barb. 106 ; *Moffatt* v. *Judd,* 1 How. Pr. 193.)

CULLEN, J. When this action, which is upon a promissory note, was reached for trial at Circuit it was by the consent of the parties referred to a referee to hear and determine. No formal order was drawn up or filed, and the only evidence of the court's action is the following entry in the clerk's minutes : " At a Circuit and Special Term of the Supreme Court, held in and for Chemung County, at the Court House in the City of Elmira, beginning November 18, 1895. Present — Hon. Gerrit A. Forbes, Justice. William S. Gerrity agt. The Seeger & Guernsey Co. and ano. Nov. 22, 1895. This cause having been reached in its regular order on the calendar and on consent of both parties, It is Ordered, That this case be referred to Roswell R. Moss, Esq., to hear, try and determine the same." When the trial was commenced before the referee

the counsel for the defendants objected to further proceeding without the production of a certified copy of the order of reference; this objection was overruled and the defendants excepted. No copy of the order of reference nor any extract from the clerk's minutes is found in the judgment roll.

By section 767 of the Code of Civil Procedure an order of the court or a judge must be in writing. The clerk's entry in the minutes of the court of the order referring the cause was a full compliance with this requirement of the Code. The case differs entirely from that of *Bonner* v. *McPhail* (31 Barb. 106). In that case the only evidence of the order made by the court was an indorsement by the judge on the calendar for the March Term, "Referred to L. K. Miller," but when the indorsement was made did not appear. No written order was actually made or entered until the December following. Between these two dates the referee heard and determined the cause. Under this state of facts it was held that the referee had no jurisdiction. Here the records of the court show a written order prior to the time of the hearing before the referee. The practice which now prevails, that a party prepares an order and submits it to a judge for approval before entering it with the clerk, is modern. Originally it was the custom for the clerk to prepare and enter orders in accordance with the decision of the court, and possibly, theoretically at least, it is still his duty so to do.

In *Eighmy* v. *People* (79 N. Y. 546) it was held sufficient to give the referee jurisdiction that the court actually made an order of reference. (See, also, *People* v. *Central City Bank*, 53 Barb. 412 ; *Wheeler* v. *Falconer*, 7 Rob. 45.)

By section 1237 of the Code it is prescribed that the judgment roll shall contain a copy of each order which in any way involves the merits or necessarily affects the judgment. By section 1238 it is made the duty of the attorney on entering final judgment to prepare the judgment roll. In this case the attorney for the respondent should have obtained an extract from the minutes of the court showing the order of reference. His failure to do so was an irregularity for which the

judgment might have been set aside on motion unless permission were given to supply the defect; but it did not constitute an error for which we can reverse the judgment on appeal. (*Johnson* v. *Carnley*, 10 N. Y. 570; *Ingersoll* v. *Bostwick*, 22 N. Y. 425.)

It is insisted that even if the referee had jurisdiction to hear the cause, still it was error in him to proceed after the objection was made until he had evidence of his authority by a certified copy of the order of the court. In support of this claim, reliance is based on dicta in the text books and on the opinion in the case of *Bonner* v. *McPhail* (*supra*). In that case it is said: "No referee should proceed a step in the exercise of his duties, without a certified copy of the rule or order in his hands. This is his commission, and without it he should not proceed to act." We concur entirely in this declaration treating it as an admonition for the guidance of referees. To proceed without proof of authority is at least unwise, if not of doubtful propriety. A referee takes the risk that his authority may not exist and possibly may subject himself to personal liability for his improper or erroneous assumption of power. Still the effect of proceeding without a certified copy of the order of reference is to subject the referee to the hazard suggested. It does not constitute legal error.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT and WERNER, JJ., concur; LANDON, J., not sitting.

Judgment affirmed.