### LOPER v. WADING RIVER REALTY CO.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. APPEAL AND ERROR (§ 127*)—DECISIONS REVIEWABLE—DEFAULT JUDGMENT.

Where an interlocutory order was entered at the' Trial Term, denying a motion to strike the case from the calendar, and at the time of its denial defendant's counsel withdrew from the trial, and an inquest was taken in his absence, and a 'judgment entered thereon, the judgment so entered was a judgment by default, and no appeal lies to the Appellate Division. ·

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–891; Dec. Dig. § 127.*]

2. JUDGMENT (§ 135*)—DEFAULT—SETTING ASIDE—MOTION TO STRIKE FROM CALENDAR.

Where an action was brought on for trial before a judge in S. county, and the parties stipulated to continue it before the same judge in K. county at a time to be fixed by him, which was done, and the cause was adjourned and sent back to S. county for a trial de novo, on the representation of plaintiff's counsel that defendant's counsel had consented thereto, if procured by fraud, the remedy of the party aggrieved is to apply at Special Term, by motion to set aside the judgment entered by default, and for a new trial, and not by motion to strike the cause from the calendar.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 135.*]

3. MOTIONS (§ 56*)—ORDERS OF COURT—CLERK'S MINUTES—SUFFICIENCY OF ENTRY.

Under Code Civ. Proc. § 767, providing that a direction of a court or judge must be in writing, unless otherwise specified, and that such a direction, unless contained in a judgment, is an order, a direction of the court, simply written in the clerk's minutes, was an order; entry thereof not being essential to give it force.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 67; Dec. Dig. § 56.*]

Appeal from Special Term, Suffolk County.

Action by Gilbert E. Loper against the Wading River Realty Company. From a judgment of the Special Term for plaintiff and from an interlocutory order, defendant appeals. Appeal dismissed without prejudice.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ..

Edwin L. Kalish, for appellant.
Paul Armitage, for respondent.

CARR, J. This is an appeal from a judgment in favor of the plaintiff in an action brought to foreclose a mechanic's lien on prop-

erty situate in Suffolk county. The notice of appeal brings up for review an interlocutory order denying a motion to strike the case from the calendar when the action was reached for trial at a Trial Term of this court held in Suffolk county on February 5, 1910. It appears from the record that, when the motion to strike the case from the calendar was denied, the defendant's counsel formally withdrew from the trial, and an inquest was taken in their absence. From the judgment entered on the inquest, the defendant now appeals. The judgment so entered was therefore a judgment entered on a default, and no appeal therefrom lies to this court.

As to the appeal from the order denying the motion to strike the case from the trial calendar, a similar question arises. This action had been brought on for trial in Suffolk county before Mr. Justice Aspinall on November 15, 1909. The parties entered into a written stipulation to begin the trial by swearing one witness for the plaintiff and then to continue it before Mr. Justice Aspinall in Kings county at a time to be fixed by him. This was done, and at the time fixed by the justice for the continuance of the trial there was an adjournment. On the adjourned date, there was an unreadiness on the part of the defendant to proceed with the trial. In the absence of defendant's counsel, but on the statement of plaintiff's counsel that the defendant's counsel had consented thereto, an order was made sending the case back for a trial de novo at the next term of the court in Suffolk county. This order was not entered formally in Suffolk county, and consisted simply of a written direction in the minutes of the clerk of the court in Kings county, where Mr. Justice Aspinall was then sitting. The entry of the order was not essential to give it force. Eighmy v. People, 79 N. Y. 546, 557. The fact that the order was not in the usual and customary form, but consisted entirely of a written entry in the minutes of the clerk, was a sufficient compliance with section 767 of the Code of Civil Procedure. Gerity v. Seeger & Guernsey Co., 163 N. Y. 119, 57 N. E. 290.

It appears that the defendant's counsel became aware of the making of this order, but he made no formal motion to vacate it, contenting himself with writing in protest to the justice who made the order. When the case came on for trial the second time in Suffolk county, the defendant's counsel made a motion to strike the case from the trial calendar, on the theory that the order in question was either a nullity or that it had been procured by the false representations of the plaintiff's counsel. This motion was denied, and an order entered accordingly. It was not error on the part of the trial court to recognize the prior order as existing. The defendant, if aggrieved thereby, had an ample remedy to secure its vacation or modification by suitable application at Special Term. The common and long-settled practice would require the party aggrieved, under the circumstances of this case, to apply at Special Term, on motion, to set aside the judgment entered on the default and for a new trial. Martin v. Hicks, 6 Hun, 74; Matter of Rubenstein, 129 App. Div. 326, 113 N. Y. Supp. 554; Mott v. Mott, 134 App. Div. 569, 119 N. Y. Supp. 483. On such an application, if the plaintiff shows sufficient merits, he may receive such relief as may be appropriate.

The appeal from the judgment herein, and from the interlocutory order of February 5, 1910, should be dismissed, with costs, but without prejudice to the defendant to apply to the Special Term for such relief as it may feel advised, within 20 days. All concur.