## O'CONNOR v. HEALY.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

1. JUDGMENT ⬉360—ENTRY AND VACATION.

The judgment, being irregular in imposing costs on defendant when that question had not been passed on by the court, was properly set aside.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 698, 699; Dec. Dig. ⬉360.]

2. NEW TRIAL ⬉156—MOTION—DISQUALIFICATION OF JUDGE—"PENDING."

The motion for new trial on the minutes, having been entertained by the court, with stay till determination, is still pending, to be heard elsewhere, where pending decision the trial judge becomes incompetent to hear it.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 316; Dec. Dig. ⬉156.

For other definitions, see Words and Phrases, First and Second Series, Pending.]

Appeal from Special Term, Rensselaer County.

Action by Margaret A. O'Connor against John H. Healy, executor of John F. Lowery, deceased. From an order, made at Albany Special Term and entered in Rensselaer county clerk's office, vacating and setting aside a judgment for plaintiff, she appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Edward S. Coons, of Balston Spa (Edgar T. Brackett, of Saratoga Springs, of counsel, and William E. Bennett, of Schuylerville, on the brief), for appellant.

James V. Coffey, of Troy (John T. Norton, of Troy, of counsel). for respondent.

JOHN M. KELLOGG, P. J. The granting of the motion, or the decision of this appeal, cannot in any way affect the substantial rights of the parties. The question involved is one of technicality rather than substance.

The action, tried before Mr. Justice Cochrane and a jury, resulted in a verdict for the plaintiff. The defendant made a motion for a new trial upon the minutes "and the court entertained the motion, and reserved decision upon the motion, and directed that all proceedings upon the verdict be postponed and held in abeyance until the court should either orally hear counsel or receive their briefs after the stenographer's minutes have been transcribed." Before the motion was submitted to the justice for decision, he was designated by the

Governor as a justice of the Appellate Division, and thereby became incompetent to hear the motion or to give further attention to the case. Thereupon the plaintiff caused judgment to be entered upon the verdict against the defendant, with costs. The stay was a mere incident to the motion. If the motion went down, the stay fell with it, and the judgment was properly entered. The order appealed from, vacating the judgment, is therefore a determination that the motion and stay still survive.

[1, 2] Clearly the judgment entered was irregular in imposing costs upon the defendant when that question had not been passed upon by the court. The direction given by the trial judge, when he entertained the motion, did not contemplate that judgment might be entered at the close of the oral argument or when briefs were submitted. It evidently was the intention that no judgment should be entered until the motion was disposed of. The judgment was therefore entered technically in disregard of that direction. However, if the judgment had been regular in form, there was no good reason why it should be vacated, as it did not in any way prejudice the defendant. The plaintiff had a valid verdict, and nothing has happened to impair its validity or force; but action upon that verdict was suspended until the court could pass upon the pending motion for a new trial. The fact that Justice Cochrane was designated as a justice of the Appellate Division does not destroy the effect of the trial or of the verdict, or of the motion. The death or disability of a trial justice pending a decision of a motion to set aside a verdict upon the minutes, does not affect the verdict or the motion; it simply requires that the motion shall be heard elsewhere.

The defendant, the moving party, might bring the matter before the Special Term, and have its motion heard pursuant to sections 999 and 1002 of the Code of Civil Procedure; or the plaintiff could bring the matter up by asking a hearing of the motion, or by asking that unless the defendant proceed with the motion he be permitted to enter judgment. The motion, as entertained by the justice, was based upon the stenographer's minutes, and it is unnecessary here to consider whether the motion is now technically to be heard as one upon the minutes of the court, as provided by section 999 of the Code of Civil Procedure, or as one made upon a case and exceptions. The stenographer's minutes will be before the court, and under the rules are now, in substance, the case and exceptions. In my judgment, the motion, having been entertained, is still pending, and all that is necessary is to bring it before the Special Term for consideration. The entry of judgment by the plaintiff did not prevent the defendant from bringing the motion before the court with the same force and effect as though the judgment had not been entered. As the judgment, however, was irregular in form, the court very properly set it aside, and thereby recognized the technical rights of the parties.

The order should therefore be affirmed, with $10 costs and printing disbursements, with permission to either party to take such action with reference to the existing verdict or the pending motion for a new trial as may be proper. All concur.