ROGER HOWARD, an Infant, by CHARLES HOWARD, His Guardian ad Litem, Appellant, *v.* FREDERICK G. ROBINSON and DAVID ROBINSON, Respondents.

CHARLES HOWARD, Appellant, *v.* FREDERICK G. ROBINSON and DAVID ROBINSON, Respondents.

Second Department, February 7, 1919.

Practice — trial — motion for new trial upon minutes — assignment of trial justice to Appellate Division before making order disposing of motion — entry in clerk's minutes constituting effective order in compliance with section 767 of Code of Civil Procedure — application of amendment to said section by chapter 368 of the Laws of 1911 — duty of trial judge upon motion for new trial to require stenographer's minutes to be written out.

Where the defendants in actions against them for personal injuries upon the rendering of verdicts in favor of the plaintiffs, promptly moved for a new trial upon the minutes, which motion was granted and the clerk

of the court at once made entry in his minutes thereof, but the trial justice was assigned to the Appellate Division before making an order disposing of the motion, the entry of the clerk's minutes constituted an effective order granting said motion and was in compliance with section 767 of the Code of Civil Procedure, as amended.

The amendment of 1911 to section 767 of the Code of Civil Procedure providing that " In determining a motion, the court shall cause its determination, together with a recital of the papers read on the motion on either side to be endorsed on or appended to the back of the motion papers   *   *   *," only applies to a motion made upon papers and not to a motion made under section 999 " upon judge's minutes."

Although the judge upon a motion for a new trial upon the minutes sometimes may require the stenographer's minutes to be written out and submitted to him before he decides the motion, he does not ordinarily do so and evidently it is not required.

APPEAL in each case by the plaintiff, Roger Howard and Charles Howard, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of October, 1918, granting defendants' motions to vacate and set aside the judgments in favor of the plaintiffs which had been entered in the above actions.

*Thomas F. Magner* [*James T. O'Neill* with him on the brief], for the appellants.

*George Stamper* [*Joseph L. Prager* and *Harold W. Hastings* with him on the brief], for the respondents.

MILLS, J.

These actions are to recover damages for personal injuries alleged to have been sustained by the plaintiff in the first action, an infant, in an accident, by his being knocked down by the defendants' automobile — the second action being by the father. The two actions were tried together before Mr. Justice JAYCOX and a jury, and the jury rendered a verdict in favor of the infant plaintiff in the first action for the sum of $2,000, and a verdict in favor of the father in the other action for the sum of $200. The defendants in each action promptly moved for a new trial upon the minutes, which motion the justice then and there granted, and the clerk of the court at once made entry in his minutes of the granting

of the motion. On the 1st of June, 1918, Mr. Justice JAYCOX was assigned to this court. No order in writing was signed by him disposing of the motion, and no written order whatever of that nature was made, except the said entry by the clerk in his minutes. For the purposes of the motion the clerk furnished an extract from his minutes of such entry, which appears in the record. The justice at Special Term, in granting the motion to vacate the judgment, filed a brief memorandum in which he held the entry in the clerk's minutes to be " a sufficient writing to comply with Section 767 of the Code of Civil Procedure," and, therefore, to have set aside the verdicts.

I think that the motion to vacate was properly granted for the reason that the granting of a motion for a new trial in each case and the entry thereof in the clerk's minutes effectually did away with the general verdict in plaintiffs' favor, which was the only authority to the clerk to enter judgment in plaintiffs' favor. Prior to the amendment of section 767 of the Code of Civil Procedure by chapter 368 of the Laws of 1911, it was held that such entry in the clerk's minutes of the decision of the court upon a motion in itself constituted a sufficient order. (*Gerity* v. *Seeger & Guernsey Co.*, 163 N. Y. 119; *Loper* v. *Wading River Realty Co.*, 143 App. Div. 167.)

I do not regard the decisions just cited as at all inconsistent with the decision in *Collier* v. *Collins* (172 N. Y. 99, 101), wherein the Court of Appeals held that an appeal from a judgment did not bring up for review the denial of the motion for a new trial upon the minutes, although the record showed that the defeated party excepted. Incidentally the opinion in that case stated that " No exception lies to the action of the court in denying such a motion, but an order must be entered and an appeal taken therefrom, or the Appellate Division has no power to review or reverse upon the facts." (172 N. Y. 102.) At that time, under section 1346 of that Code, the Appellate Division had no power to review the facts upon an appeal from the judgment where there had been a verdict. In 1914, by chapter 351 of the Laws of that year, that section was amended so as to authorize the Appellate Division to review the facts upon an appeal from a

judgment alone. In the *Collier Case (supra)*, however, the question whether or not the entry in the clerk's minutes would have constituted an effective granting or denial of a motion for a new trial upon the minutes was not involved or considered. Therefore, I repeat that I do not regard that decision as impairing the force of the decisions in the *Gerity* and *Loper* cases, above cited.

The learned counsel for the appellants contends that the amendment to section 767, made in 1911, which added these words, " In determining a motion, the court shall cause its determination, together with a recital of the papers read on the motion on either side to be indorsed on or appended to the back of the motion papers and shall sign the same and such indorsement and signature shall constitute the order of the court; but nothing herein contained shall prevent the court, upon the application of either party, from resettling such order in the form of the written order heretofore in use," has necessarily rendered the doctrine of the *Gerity* and *Loper Cases (supra)* ineffective and inapplicable. I do not take that view. It seems to me, from the very language of the amendment, that it can only apply to a motion made upon papers, not to a motion made as under section 999 " upon judge's minutes," which really means the judge's recollection, assumed to be correct. Sometimes the judge, upon such a motion, may require the stenographer's minutes to be written out and submitted to him before he decides the motion, but ordinarily he does not do so and evidently is not required to do so. (See § 1007.) Where he does not make such requirement, as in this case he did not, there are no " papers read on the motion," upon which the court can make such indorsement. Moreover, I am not sure but that the effect of the words in the amendment, viz., " in the form of the written order heretofore in use," may not still leave the clerk's minutes of the order of resettlement sufficient.

Appellants rely also upon the decision by the Third Department in *O'Connor* v. *Healy* (171 App. Div. 604). From that decision it may be inferred that if the entry by the clerk was not an effective determination of the motion for a new trial, such motion stood undecided when Mr. Justice JAYCOX became incapacitated by his assignment to this court, and remained

to be decided elsewhere, and that, no stay having been granted, plaintiff was entitled to enter judgment under section 1005. The opinion in that case (at p. 606) states: " The death or disability of a trial justice pending a decision of a motion to set aside a verdict upon the minutes does not affect the verdict or the motion; it simply requires that the motion shall be heard elsewhere." I do not, however, agree with that view, as I think that in such situation the motion for a new trial upon the minutes falls entirely, and the only like remedy for the moving party is to move at Special Term upon a settled case, under section 1002. This query, however, is a mere abstraction here if we hold that the entry in the clerk's minutes constituted an effective order granting the motion, and that is the view which I take.

Hence I advise that the order appealed from, there being one order in the two actions, be affirmed, with ten dollars costs and disbursements.

Present — JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ.

Order in the two actions unanimously affirmed, with ten dollars costs and disbursements.