### THE PEOPLE *v.* JOHN GOLDEN.

It is sufficient, in an indictment for petit larceny, charged as a second offence, to aver, generally, that the Court of Special Sessions, before which the defendant was convicted, had full and competent power and authority in the premises, without setting forth the particular facts showing jurisdiction.

An omission, in such indictment, to state the facts which show jurisdiction, is only a formal defect, which is cured by the statute of *jeofails*, and is not available on demurrer.

WRIT of error to the Tioga County Sessions.   The defendant was indicted for petit larceny, charged as a second offence.   The indictment contained a general averment that the Court of Special Sessions, before which the defendant had been convicted, had jurisdiction, but omitted to state the particular facts showing jurisdiction.   On demurrer to the indictment, judgment was given in favor of the defendant, and the people brought error to this court.

*B. F. Tracy* (District Attorney), for the people.

*Davis & Walker*, for the defendant.

BALCOM, J.—The Revised Statutes contain a section which declares that: "No indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be affected," by reason of several specified defects, omissions and imperfections; and the section concludes in these words, viz.: "by reason of any other defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant." (2 *R. S.*, 728, § 52, *subd.* 4.) And the Court of Appeals have held that the statements in an indictment against a person for a second offence of petit larceny, where the first conviction was obtained in a Court of Special Sessions, showing the charge made against him before the magistrate, and in what form, the issuing of the warrant by the magistrate for his apprehension, his arrest and being brought before the magistrate by virtue of the warrant, and his election to be tried before the magistrate for the offence charged in the warrant, pursuant to the provisions of the statute in such cases, are all matters of form; and that an indictment which contained only an allegation that the magistrate before whom the conviction for the first offence was had, possessed full power and authority to hold a Court of Special Sessions and try and convict the accused for such offence, and did convict him, was good. ( *The People* v. *Powers*, 2 *Seld.*, 50.) The remarks in that case, that the objection to the indictment came too late to be available (being after the verdict was rendered against the accused), do not detract from the force of the decision as to what allegations in the indictment were matters of form. The decision of the Court of Appeals in that case shows that the defects in the indictment in this case, for which the Tioga Sessions pronounced it bad, are mere matters of form; and, as the defects could not and did not tend to the prejudice of the defendant, the indictment was valid, and it should have been sustained. (5 *Wend.*, 9; *Stevens* v. *The People*, 1 *Hill*, 261; 3 *Barb.*, 470; 7 *id.*, 462.)

We are not at liberty to question the soundness of the decision of the Court of Appeals, on the question under consideration, even if we were inclined to do so.

The judgment of the Tioga Sessions, sustaining the demurrer to the first count in the indictment, should be reversed.

MASON, J.—This case comes before us on a writ of error to the Sessions of Tioga county. The defendant was indicted for petit larceny, charged as a second offence. The indictment averred generally that the Court of Special Sessions before which the defendant was convicted had full and competent power and authority in the premises to try and convict the defendant, but did not set forth the facts showing jurisdiction. The defendant demurred to the indictment for this omission to set forth the facts in the indictment to show the jurisdiction. The Court of Sessions ruled that the general averment of jurisdiction was not sufficient, and held the demurrer well taken and gave judgment for the defendant. Our statute declares that "*no indictment shall be deemed* invalid, nor shall the trial, judgment or other proceeding thereon be affected," by reason of any defect or imperfection in matters of form which do not tend to the prejudice of the defendant. (2 *R. S.*, 72, § 52.) The cases of *The People* v. *Phelps* (5 *Wend.*, 10, 19) and *The People* v. *Treadway* (3 *Barb.*, 470) are authorities in point, holding that this omission to state the facts which show jurisdiction is only a formal defect, which is cured by our statute of *jeofails ;* in other words, that such particular averment, in pleading the judgment of a court of special and limited jurisdiction, is a mere matter of form in pleading, and does not tend to the prejudice of the prisoner. These cases were rightly decided; and I think that Judge Gridley did not properly consider the question in the latter case, or he would not have complainingly placed his decision upon the doctrine of *stare decisis*. He had been so long used to the familiar distinction in pleading, that as to a court of special and limited juris-

diction the pleader must state facts showing jurisdiction, while in regard to a court of general jurisdiction a general averment of jurisdiction is held sufficient, that he has regarded the difference a substantive one in matter of fact, instead of an arbitrary rule of pleading. The courts have held that in pleading the judgments of courts of special and limited jurisdiction a more formal statement shall be required than in pleading the judgment of a court of general jurisdiction. Why is this? Certainly not because there is not the same substance in the averment in the one case that there is in the other; and were it not for a stubborn rule of pleading, which requires a formal statement of the facts in the one case and allows a general averment in the other, no one would doubt but that the trial of any question of jurisdiction could as well be had under a general averment of jurisdiction in regard to a court of special and limited jurisdiction as of a court of general jurisdiction. It is a mere matter of form, imposed by a rule of pleading, and nothing else. It says to the pleader: as to a court of general jurisdiction you may aver generally that the court had power and authority to render the judgment, but as to a court of limited jurisdiction you shall be required to make a formal statement of facts which establish jurisdiction. It is a mere matter of the form of pleading and nothing more; for whether the jurisdiction be averred generally or the facts establishing it be set forth with particularity, were this formal rule of pleading abolished, would make no difference. In that case, all evidence, either to impeach or sustain the jurisdiction, could just as well be admitted in the one case as in the other. I do not mean to say that this old rule of pleading is unwise because it required a more formal statement in regard to courts of limited jurisdiction, but only to show that the substantive issue is the same in either case, and that it is mere matter of form in pleading. The case of *The People* v. *Powers* (2 *Seld.*, 50) is relied on by the counsel for the defendant as a decisive authority against the

indictment in this case. I do not so understand that case. On the contrary, the court held expressly, in that case, just what I have held in this, that this defect is matter of form merely, and was cured by the statute. In that case, it is true, the objection was raised after verdict; but that makes no differeuce if it be matter of form merely, for the statute is as explicit that the indictment shall not be deemed invalid nor shall the trial thereon be affected by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendant. This statute is as effectual to cure formal defects in the indictment, before and upon the trial, as it is in regard to the judgment or other proceedings; and if the Court of Appeals, therefore, were right in the case of *The People* v. *Powers*, in holding the defect complained of a matter of form merely, then certainly the statute cures the defect in the indictment. It cannot be matter of substance before trial and matter of form after; for a substantive defect in a pleading cannot be cured so easily as that. (1 *Chitty's Pl.*, 712); and if it is a mere matter of form I do not see how the defect can possibly tend to the prejudice of the defendant.

The learned judge, in the case of *The People* v. *Powers*, was not sufficiently attentive as to the effect of this statute upon indictments before trial. He has stated the common law rule correctly and has decided the case correctly, but not having the question before him, as to the effect of this statute upon a defect of this kind in an indictment before trial, he has omitted to give any effect to this statute in its application to a defect of this kind before trial. The case, however, is not authority for the defendant.

The judgment of the Tioga Sessions, sustaining the demurrer to the first count in the indictment, must be reversed.

GRAY, J., concurred.

Judgment reversed.