32 703
100 668

## AUTAUGA COUNTY *vs.* DAVIS.

[ACTION AGAINST COUNTY FOR MEDICAL SERVICES RENDERED TO PAUPERS.]

1. *When action lies against county.*—Since the act of 1852, making medical services rendered to indigent sick persons in certain specified counties " a public charge on the county," (Session Acts 1851-2, pp. 429-30,) does not prescribe a remedy for the enforcement of the right thereby created, an action at law may be maintained against the county by the person rendering such services, (Code, § 763,) although he might also have a *mandamus* from the circuit to the commissioners' court.

2. *Form and sufficiency of complaint.*—In such action, if the complaint states that the " plaintiffs claim of the defendant" a specified sum, " due by account on " a day certain, " for medicine furnished and medical services rendered " to certain named persons; that said persons " were residents of and in said county, and were all sick in said county at the time said services were rendered, and were in such destitute condition as to demand public charity and prompt attention, having neither money nor other property, nor friends to incur such expense ;" and that the claim was duly presented to the commissioners' court of the county, properly proved and verified, and was disallowed by said court,—it is sufficient.

3. *Proof of presentation of claim to commissioners' court.*—The presentation of such claim to the commissioners' court, within twelve months after its accrual, being essential to the plaintiff's right of action, and being averred in the complaint, proof of such presentation may be adduced by the plaintiff.

4. *To what witness may testify.*—A witness may testify, that a certain person, for whom medical services were rendered by plaintiff, "was in such destitute condition as to demand public charity and prompt attention."

5. *Admissibility of plaintiff's declarations as part of res gestæ.*—The declarations of a physician on leaving home, taking medicines with him, as to the place to which he was going, and the purpose of his visit, are admissible evidence on the principle of *res gestæ.*

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. C. W. RAPIER.

The complaint in this case was as follows:

"B. F. & T. A. Davis }
 vs. } The plaintiffs claim of the de-
 Autauga County. } fendant the sum of $54, due by
account on the 22d June, 1857,
for medicines furnished and medical services rendered to Alexander Cunningham, now deceased, during his last illness; also, the further sum of $44, due by account on the 7th May, 1857, for medicines furnished and medical services rendered to Milage Marcus during his last illness; also, the further sum of $26, due by account on the 30th June, 1857, for medicines furnished and medical services rendered to Sarah Ferrell, now deceased, during her last illness. Plaintiffs aver that, before the commencement of this action, to-wit, on the 10th August, 1857, within one year from the time when said accounts accrued and became due, they were presented by plaintiffs to the court of county commissioners for said county, having been first proved by the affidavits of responsible witnesses not interested in said accounts, and were disallowed by said court; that the persons above named, for whom said services were rendered and said expenses incurred, were residents of and in said county of Autauga, and were all sick at the times when said services were rendered in said county, and were in such destitute condition as to demand public charity and prompt attention, having neither money nor other property, nor friends to incur such expense."

The defendant demurred to the complaint, on the following grounds: "1st, that the county is not properly suable as 'Autauga County,' but the action should have been against the commissioners of roads and revenue; 2d, that the action is in assumpsit; 3d, that there is no

averment that the charge was reasonable; 4th, that the cause of action set out in the complaint appears to be separate, and not joint, and there is no averment that the plaintiffs were partners, or did the work jointly." The complaint having been amended, by the addition of an averment that the plaintiffs were partners, the court overruled the demurrer. A motion was also made to strike the cause from the docket, "for want of proper parties defendant," but was overruled by the court.

On the trial, as appears from the bill of exceptions, the plaintiffs proved by one McNeill, "that the prices charged in the account sued on are reasonable charges for such services, being but one-half of the regular charges; that the services charged in said account as having been rendered to Milage Marcus were rendered by plaintiffs; that said Marcus was at the time in and residing in said county, *and was in such destitute condition as to demand public charity and prompt attention.*" The defendant objected to that portion of the evidence of said witness which is italicized, "because it was but the opinion or conclusion of the witness, without stating the facts which constituted a destitute condition;" and reserved an exception to the overruling of the objection.

The plaintiffs also introduced one Monroe as a witness, who testified, "that plaintiffs, as physicians, visited and gave medicine to Sarah Ferrell, for two weeks, in June, 1857; that said Sarah was then in the town of Autaugaville in said county, and lived within two hundred yards of plaintiffs' office, and was without means, and was so sick and in such destitute condition as to demand public charity and prompt attention; that he saw plaintiffs make visits and give medicines to her several times during her said sickness; that he did not see them visit her on some of the days, but they left their office, taking medicines with them, *and said they were going to visit her,* and started in the direction of the place where she lived. The defendant objected to what the plaintiffs said, and moved to exclude it from the jury; but the court overruled the objection, and the defendant excepted."

The plaintiffs also proved the rendition of the other

services charged in the account, the reasonableness of the charges, the presentation of the demand to the commissioners' court, and its disallowance. The defendant objected to the evidence of the presentation and disallowance of the claim, and reserved an exception to the overruling of the objection.

The defendant asked the court to instruct the jury, "that if they believed all the evidence before them, the plaintiffs were not entitled to recover in this action;" which charge the court refused to give, and the defendant excepted.

The overruling of the demurrer to the complaint, and the several rulings of the court to which exceptions were reserved, are now assigned as error.

ELMORE & YANCEY, and WM. H. NORTHINGTON, for the appellant.

WATTS, JUDGE & JACKSON, *contra*.

RICE, C. J.—The first section of the act to provide for the indigent sick in Autauga and certain other counties, approved Feb. 10, 1852, (Pamph. Acts of 1851–2, pp. 429, 430,) provides, that when any person is sick in the counties of Autauga or Coosa, and in such destitute condition as to demand public charity and prompt attention, such person, during sickness, shall be a public charge on the county. The third section provides, that in the event of sickness, as contemplated in the first section, "the commissioners of revenue and roads in the county where such sickness * * occurs must order the county treasurer to pay reasonable expenses for such sickness * * to the party incurring the same, upon presentation of the account, verified by the affidavit of any responsible witness not directly interested therein."

There is no other provision in the act as to the remedy for persons claiming under it. But the appellant contends, that the third section, which is above substantially set forth, so far as it relates to this case, provides a remedy for the right given by the act, and that persons claiming under the act are confined to that remedy. We admit

Autauga County v. Davis.

the principle, that where a new right, or the means of acquiring it, is conferred, and *an adequate remedy* for its denial or invasion is given by the same statute, parties claiming under the statute are confined to the statutory redress.—Smith v. Lockwood, 13 Barb. Sup. Ct. Rep. 209. But that principle does not govern the present case, because *the act* of 1852, above cited, does not give *an adequate remedy* for the denial or invasion of the right given by it. True, it makes it the duty of the commissioners of revenue and roads, when its provisions are complied with, to order the county treasurer to pay reasonable expenses for such sickness to the party incurring the same. But there it stops. It—that is, *the act itself*—does not give a remedy for compelling those commissioners to make that order, in the event they fail or refuse to make it; nor does *the act* provide any mode by which the refusal of the commissioners to make the order can be appealed from, reversed, or set aside. Now, although it be conceded, that the party injured by the refusal to make the order is entitled to a *mandamus* from the circuit court of the proper county, to compel the commissioners to make the order; yet the *mandamus* is not given by *the act*, but by the common law, or the Code.—Tarver v. Commissioners' Court, 17 Ala. 527. It is clear, therefore, that *the act itself* does not give *an adequate remedy*. And as the remedy which it does give is not an adequate one, it is merely cumulative, and the party who has a right under that act is *not confined* to that remedy, but may resort to the means of redress given by the common law, or a general statute, in similar cases.—10 Pick. R. 383; Garnett v. Roper, 10 Ala. Rep. 842.

[2.] The Code (§ 763) expressly authorizes a county to sue or be sued in a court of record. If, upon the facts or matter stated in the complaint, the plaintiffs have a right to recover against the county, the complaint is good under the Code.—Code, §§ 2129, 2130, 2227, 2228; Pickens v. Oliver, 29 Ala. 528. And we think it too clear for argument, that, upon the facts or matter stated in the complaint, the act of 1852, above cited, gives the plaintiffs a

right to recover against the county. There was no error in overruling the demurrer to the complaint.

The substance of the complaint is proved by the evidence, if the evidence is believed. The court, therefore, properly refused to give the charge asked by the defendant.

[3.] The presentation of the claim or demand to the court of county commissioners, within twelve months after it accrued, was, under sections 775 and 2141 of the Code, essential to the plaintiffs' right to maintain a suit for its recovery; and as it was essential, and was averred, there could not be error in allowing the averment to be proved. The papers offered for that purpose, were properly admitted.

4. Upon the authority of previous decisions of this court, we hold, that there was no error in allowing the witness D. McNeill to testify that Milage Marcus was "in such destitute condition as to demand public charity and prompt attention." It is not the statement by the witness of his mere opinion, nor of a legal conclusion; but is, at most, the statement of a conclusion of fact, which, from its very nature, the witness was authorized to make.—Stanley v. The State, 26 Ala. 26; Walker v. Forbes, 25 Ala. 139; Royall v. McKenzie, 25 Ala. 363; Iverson v. Nelson, 24 Ala. 9.

[5.] Upon the authority of the former decisions of this court, we hold, also, that there was no error in admitting the declarations of the plaintiffs, as testified to by the witness Monroe.—Pitts v. Burroughs, 6 Ala. 733; Olds v. Powell, 7 Ala. 652.

Judgment affirmed.