HENRY W. GESTON, Plaintiff in Error, *v.* THE PEOPLE, &c., Defendants in error.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

An indictment for perjury, which charges the offence to have been committed in an action pending in the Supreme Court of the city of New York; and that the referee who administered the oath was appointed by the Supreme Court of the city and county of New York is faulty in substance.

So also is an indictment for perjury found in New York county, which does not charge the offence as having been committed in that county.

It should appear upon the face of an indictment for perjury, that the alleged false testimony was material to the determination of the question upon which it was given.

THE plaintiff in error was convicted in the Court of General Sessions of the Peace in and for the city and county of New York in December, 1870, of the crime of perjury.

On the trial the counsel for the prisoner pointed out and insisted upon certain defects in the indictment which were overruled by the court. These objections, so far as material, sufficiently appear from the opinion of the court.

*Sidney H. Stuart*, for the plaintiff in error.

*Samuel B. Garvin*, district attorney, for the defendant in error.

Present—INGRAHAM, P. J., CARDOZO and BARNARD, JJ.

By the Court—BARNARD, J. In an indictment for perjury charged to have been committed on the trial of a cause before the court, or an officer thereof, it is essential:

1st. That the name of the court should be stated, and that such court should have a legal existence. 2d. That the offence should be charged to have been committed in the county in which the indictment was found; and, 3d. That it should

appear on the face or be alleged in the body of the indictment that the evidence on which the assignment of perjury is based, was material to the determination of the issue, or at least proper to be offered on the trial of such issue.

The indictment upon which this plaintiff in error was committed is faulty in matters of substance.

1st. It is alleged that the action upon the trial, of which the perjury is charged to have been committed, was pending in the Supreme Court of the city of New York, and that the referee who administered the oath was appointed by the Supreme Court of the city and county of New York. There are no such courts known to the law, certainly none so designated of which judicial notice can be taken as having jurisdiction of an action for divorce.     2d. It nowhere appears in the indictment that the offence, if any there be, was committed within the city and county of New York. All of the testimony referred to in the indictment may have been taken out of the county, or out of the State of New York.     3d. It is alleged in the indictment "that it then became and was a material issue to be tried before William C. Traphagen, whether the said John Gowan had committed adultery as alleged by the plaintiff in the said action," but is nowhere alleged that the evidence adduced or the questions calling out that evidence were material to the determination of that issue. No information is given as to what was " alleged by the plaintiff in said action ; " and, therefore, it cannot appear on the face of such indictment that such evidence was material.

The testimony which the plaintiff in error is charged with having falsely and corruptly given, may have been entirely immaterial.

Each court being vitiated by all of the defects above pointed out, and each defect being a fatal one, it is unnecessary to consider any of the other points made as to the validity of the indictment, or any of the questions arising as to the admissibility of evidence offered at the trial., The judgment of the court of General Sessions should be reversed.

Judgment reversed.