JOHN W. EIGHMY, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

A writ of error in a criminal case brings up for review only questions of law raised by exceptions properly taken upon trial.

No exception lies to a refusal to postpone a criminal trial by reason of the absence of witnesses.

An indictment charged perjury in testimony given by the accused before a referee, in a case where a reference was ordered on default, a decision had, and judgment rendered. The testimony was in reference to the loss of a will; there was no question as to its execution. The accused

Statement of case.

moved to postpone, upon affidavit, that two material witnesses were absent; one of whom was a subscribing witness to the will; the other, it was alleged, was acquainted with a witness for the people. It was not alleged that a subpœna had been taken out, or any effort made to secure their attendance. The motion was denied. *Held,* that if the question as to the refusal to postpone was reviewable here, there was no error.

Also, *held,* that the accused was not entitled to a postponement on the ground that a civil action was pending, involving the facts in reference to which the alleged perjury was committed.

The indictment did not allege, in terms, the commencement and pendency of the civil action; it charged that a referee was duly appointed in an action then pending in the Supreme Court of this State, naming the parties. *Held,* that this was a sufficient averment to show that the court had jurisdiction of the parties.

The indictment charged that the referee was "duly and legally appointed in the action" by a justice of said court, "by an order duly made * * * in said action at the chambers of said justice;" also that the referee was "duly authorized and qualified to perform the duties of that office." It was objected that the indictment was defective, as it did not state that the order of reference was made by the court, but set up an *ex parte* chamber order. *Held,* untenable; that it was to be presumed the justice acted in accordance with law, and as he had a right to hold Special Term at his chambers, and as the appointment was alleged to have been lawfully made, the legitimate inference was that the order was made at Special Term.

It is not necessary, in an indictment charging perjury committed before a court of general jurisdiction, to set out all the facts showing jurisdiction; an averment that the court had sufficient and competent authority to administer the oath will suffice.

*Geston* v. *People* (4 Lans., 487), distinguished.

Also, *held,* that proof of the entry of the order of reference was not required, the granting of the order gave the referee jurisdiction.

*Bonner* v. *McPhail* (31 Barb., 107), distinguished.

The testimony of the prisoner, which was alleged to be false, was to the effect that one A. had told him that he had taken charge of all of the papers of the testator after his decease, and in moving them lost the will; that he had requested A. to make an affidavit of such fact, which he did. The prosecution was allowed to prove, under objection and exception, that the testator in his life-time burned a paper resembling the will, he declaring at the time that it was his will, and stating its provisions and his reason for destroying it. *Held,* no error; that the declarations were competent, as part of the *res gestæ.*

But, *held,* that evidence of declarations of the deceased, made after the alleged destruction of the will, were incompetent.

Also, *held,* that it was competent for the prosecution to show that when A. signed the affidavit, sworn to by him, he was imposed upon by the prisoner, he substituting it for another A. had heard read, which did not contain the clause in question.

Also, *held,* that the judgment-roll in the civil action was competent evidence.

Also, *held,* that a refusal of the court to compel the district-attorney to furnish to the prisoner's counsel all the evidence before the grand jury was not error ; that it. was a matter within the discretion of the court.

(Argued December 4, 1879 ; decided January 13, 1880.)

ERROR to the General Term of the Supreme Court, in the third judicial department, affirming a judgment of the Court of Sessions, in and for the county of Saratoga, entered upon a verdict convicting the plaintiff in error of the crime of perjury.

The indictment charged : " That heretofore, to-wit., on the first day of May, in the year of our Lord one thousand eight hundred and seventy-eight, at the town of Milton, in the county of Saratoga and State of New York, before James W. Verbeck, Esq., then and there being a referee duly and legally appointed in an action commenced and then pending in the Supreme Court of the State of New York, in which one John W. Eighmy was plaintiff, and Albert Eighmy and Alfred Eighmy, Jr., were defendants, by Hon. J. S. LANDON, one of the justices of said court in and for the State of New York aforesaid, by an order duly made on the twenty-sixth day of April, in the year of our Lord one thousand eight hundred and seventy-eight, in said action, at the chambers of Hon. J. S. LANDON aforesaid, at the city of Schenectady, in the State aforesaid, in and by which said order the said James W. Verbeck was appointed as a referee to take proof of all the material facts alleged in the complaint in said action and make a report of the same to the said Supreme Court thereon, and being then and there duly authorized and qualified to execute the duties of the office of said referee, and being then and there duly sworn, * * * the matters referred to in and by said order then and there came on to be heard."

The indictment also charged in substance that upon taking said proof before said referee said John Eighmy was sworn in due form of law, by and before said referee. as a witness ;

that it was a material question, in taking the proofs, as to whether Alfred Eighmy, the father of said John W. Eighmy, duly made, published and declared his last will and testament in the words and figures as set forth in said complaint, and whether such will was in existence at the time of the death of said Alfred Eighmy; that said John W. Eighmy, as such witness, for the purpose of obtaining a judgment in said action establishing such will, did willfully and corruptly testify that he was in the year 1876 requested by said Alfred Eighmy to make a copy of a will made by him February 9, 1876, a copy of which was set out in said complaint; that said Alfred Eighmy, Jr., told him in February, 1878, that he had taken charge of all of the private papers of the said Alfred Eighmy, and in moving them had lost some of them, and among them the said will; that he requested the said Alfred Eighmy, Jr., to make affidavit to that fact, to be used in establishing such will as a lost will, whereas, in truth, the said John W. Eighmy was not so requested to make a copy of such will, and was not so informed by Alfred Eighmy, Jr., nor was the latter requested to make such an affidavit; and whereas said will was not in fact lost, but was revoked and destroyed by the said testator in his life-time.

When the case was moved for trial, the prisoner's counsel, before a jury was empaneled, moved the court to order the district attorney to disclose what evidence was produced before the grand jury, and whether any other evidence was produced, save such as had been furnished the prisoner, and to furnish said counsel with such further proofs and evidence, if any, with a view of moving to quash the indictment, on the ground that there was not sufficient evidence before the grand jury to justify it. The motion was denied.

The prisoner's counsel then moved for the postponement of the trial upon the ground that a civil action was pending involving the question to be tried under the indictment, in which case the prisoner was a necessary and material witness, and also on the ground of the absence of two material

witnesses.   The affidavit on which the motion was founded alleged the pendency of the civil action in which the testimony was given, charged to be false; also, that two witnesses named were necessary and material.   One of them, it was alleged, was a subscribing witness to the will; the other was acquainted with one of the witnesses for the prosecution. The affidavits did not state that any efforts had been made to procure the attendance of these witnesses.   The motion was denied.

After the opening of the case to the jury on the part of the prosecution, the prisoner's counsel asked the court to direct an acquittal, on the ground that the indictment did not allege the commencement and pendency of any action in the Supreme Court, or the nature of the action, so that it could appear why or how the evidence given by the prisoner was material; that the referee did not appear to have been appointed by the court, but by an *ex parte* chamber order. The motion was denied, and said counsel duly excepted.

The judgment-roll in the civil action was offered in evidence.   This was objected to.   Objection overruled.

The further facts appear sufficiently in the opinion.

*F. Fish*, for plaintiff in error.   For the purpose of a conviction for perjury, the controverted oath of the prisoner must be met by one credible witness, who is free from prejudice or partiality; and his testimony must be corroborated by tangible facts and circumstances substantially equivalent to an additional witness.   (*Woodbeck* v. *Keller*, 6 Cow., 118.) A refusal to postpone the trial of an indictment, when good cause is shown, will be received as matter of law by this court.   (*People* v. *Vermilyea*, 7 Cow., 383; *Ogden* v. *Payne*, 5 id., 15; *Hooker* v. *Rogers*, 6 id., 577; *Onderdonk* v. *Paulett*, 3 Hill, 323; 3 Howard, 49; 3 Wharton [7th ed.], §§ 3036, 3037.)   An indictment for perjury ought not to be prosecuted during the pendency of a civil action, in which the alleged false oath was taken, and involving the truth or falsity of the oath.   (2 Wharton [7th ed.], § 2280; Whar-

ton Amer. Cr. Law [6th ed.], vol. 3, § 2280; Peep on Crimes [6th Amer. ed.], 654, § 3188; Rus. on Cr. [6th Amer. ed.], 654, § 3188; *People* v. *Dickinson*, 5 P. J., 164.) It should appear on the face of an indictment for perjury that the alleged false testimony was material to the determination of the question upon which it was given. (*Geston* v. *The People*, 4 Lans., 487.) An oath or affirmation, upon which perjury is assigned, must be taken before a competent jurisdiction, and must be so declared in the indictment. (*R.* v. *Aglett*, 1 Term. Rep., 69; *Bonner* v. *McPhail*, 31 Barb., 107; *State* v. *Plummer*, 50 Maine, 217; *State* v. *Marshall*, 47 Mo., 378; *People* v. *Marcellus*, 32 Ill., 499.) The referee in the case, in which the prisoner was sworn, could only be lawfully appointed by the court. (Code, §§ 1013, 1014, 1015.) The order of reference must be made by the court and actually entered before the referee has jurisdiction to administer an oath. (*Bonner* v. *McPhail*, 31 Barb., 107.) At the time the prisoner was sworn before the referee no order of reference had been entered, and the motion in arrest should have prevailed. (31 Barb., 107; *Hunt* v. *Wallace*, 6 Ch. Rep., 371 ; *People* v. *Cook*, 2 Roohn, 12; 2 Storhil Cr. Ev., 622; Roscoe Cr. Ev. 809, 810, 814.) A motion in arrest, for error appearing on the face of the record, may be reviewed on writ of error. (*People* v. *Allen*, 43 N. Y., 28; 2 Burrow's R., 1127.) A motion to quash will prevail when it appears that the evidence given before the grand jury is inadequate to support it. (*People* v. *Pesturblatt*, 1 Abb. Pr. R., 268.)

*Nathaniel C. Moak*, for defendant in error. A writ of error only brings up the record and proceedings upon the trial, and not what occurred before or after the trial. (*People* v. *Casey*, 72 N. Y., 393, 396, 397; *Hunt* v. *People*, 8 N. Y. Weekly Dig., 431; 19 Alb. L. Jour., 95, Court Appeals; *People* v. *Thompson*, 41 N. Y., 145; *Gaffney* v. *People*, 50 id., 416, 425, 426; *Donahoe* v. *People*, 56 id., 208, 211; *Willis* v. *People*, 32 id., 720–723; 2 R. S., 741, § 20; 2

Edm. St., 766; *People* v. *McCann*, 6 Park., 290; 2 R. S., 736, § 21; 2 Edm. St., 760; *Gaffney* v. *People*, 50 N. Y., 416, 425, 426.) The question as to whether the trial court properly exercised its discretion in granting or refusing a continuance cannot be reviewed on writ of error. (*Com.* v. *Donavan*, 99 Mass., 425, 426; *Com.* v. *Drake*, 124 id., 24.) No harm was done to plaintiff in error on account of the absence of the witness Livermore. (*People* v. *Gonzales*, 35 N. Y., 60; *Worsly* v. *Bisset*, 3 Doug., 58.) There were sufficient allegations in the indictment of appointment, authority and jurisdiction in the referee. (*People* v. *Golden*, 3 Parker, 330; *People* v. *Powers*, 6 N. Y., 50, 52; *Bennac* v. *People*, 4 Barb., 35; *Regina* v. *Lawler*, 6 Cox Cr. Cas., 187; *Lavey* v. *Queen*, 5 id., 269.) The remainder of the allegations or statements were surplusage, and are required by statute to be disregarded. (2 R. S., 728, § 52, sub. 4; 2 Edm. St., 751; *People* v. *Phelps*, 6 Hun, 401, 412, 423, 424; *People* v. *Phelps*, 6 id., 436.) If the court actually makes an order it is valid as such, even though it be not evidenced by any written order. (*Wheeler* v. *Falconer*, 7 Rob., 45, 49; *People* v. *Central City Bank*, 53 Barb., 412; *Regina* v. *Justices*, 9 Best & Smith, 288; *Clarke* v. *Tyne*, etc., L. R. [3 C. P.], 230.) A mere failure to enter the order in the clerk's office does not affect its validity or render it invalid. (*McKinley* v. *Weber*, 37 Wis., 280, 284, 285.) The alleged variance was immaterial. (*Harris* v. *People*, 64 N. Y., 148, 154.) The will not being found, it was proper to account for its absence and show its destruction by the testator. What he said was a part of the transaction itself, and showed his intent to destroy the will. (*Adams* v. *Angell*, 5 Ch. Div., 634; 22 Eng. Rep., 369; *Waterman* v. *Whitney*, 11 N. Y., 157, 162; *Betts* v. *Jackson*, 6 Wend., 173; *Gibbs* v. *Huyler*, 41 N. Y. Sup. Ct. R., 190; Mass., etc., 63 N. Y., 190–194; *Jackson* v. *Kniffin*, 2 J. R., 31, in 3 American Decisions, 395; *Bibb* v. *Thomas*, 2 W. Bl., 1044; *Doe* v. *Perkes*, 3 Barn. & Ald., 489; *Dan* v. *Brown*, 4 Cow., 483; *People* v. *Davis*, 56 N. Y., 102; 1 Greenl. Ev. [13th ed.], §§ 108, 109;

*Hunter* v. *The State*, 40 N. J. Law Rep., 493; 40 id., 527–530, 534–540; Phillips on Ev. [1 Phil. on Ev., Cow. & Hill's and Edward's notes, ed. 1868], 185; note 80 of Cow. & Hill's, and Edward's notes on Phillips on Ev. [1 Phil. on Ev., ed. 1868], 150; Wood's notes to Best on the Law of Ev. [2 Best Ev., ed. 1876], 876 ; *Antaugua County* v. *Davis*, 32 Ala. [RICE, C. J.], 703; *Pitts* v. *Burrows*, 6 Ala., 733; *State* v. *Howard*, 32 Verm., 380; *Regina* v. *Edwards*, 12 Cox C. C., 230; see, also, *West* v. *Price's Heirs*, J. J. Marsh, 380; *Russell* v. *Frisbee*, 19 Conn., 206, 208–211; *Third, etc.*, v. *Hall*, 1 Baxter [Tenn.], 479; *Ahern* v. *Goodspeed*, 72 N. Y., 108; *Stiles* v. *State*, 57 Geo., 184; *Bartholemy* v. *People*, 2 Hill, 248.) The law presumes that a will, not found by the proper persons after death of the testator, was destroyed by him *animo revocandi*. (*Knapp* v. *Knapp*, 10 N. Y., 276; 16 Eng. Rep., 544.) The court properly sustained the people's objection to the offer to prove the alleged declarations of the testator to witness Merrick. They did not accompany any act of the testator, and were not admissible as *res gestæ*. (*People* v. *Davis*, 56 N. Y., 102; *Waterman* v. *Whitney*, 11 id., 157; 1 Greenl. Ev. [13th ed.], § 110; *Doe* v. *Palmer*, 17 Q. B. [71 Eng. Law and Eq.], 164; *Swift* v. *Mass., etc.*, 63 N. Y., 193, 194; 1 Greenl. Ev., § 110; *Felt* v. *Amidon*, 43 Wis., 467; *Sovenson* v. *Dundas*, 42 id., 642; *Lund* v. *Lynesborough*, 9 Cush., 36; *Meek* v. *Price*, 36 Miss., 261–265; *Enos* v. *Tuttle*, 3 Conn., 250; *Dawson* v. *Hall*, 2 Mich., 390, 393.) It was proper to prove the appointment of the administrators. (16 Eng. Rep., 544, note and cases cited; *John Hancock, etc.*, v. *Moore*, 34 Mich., 41; *Sewell* v. *Cohoes*, 11 Hun, 626, affirmed 7 Weekly Digest, 571; *John Hancock Mutual, etc.*, v. *Moore*, 34 Mich., 41.) Where a party attempted to obtain false testimony, that fact may be proved as evidence of guilt, for it is to be presumed an innocent party would not do so. (*Adams* v. *People*, 9 Hun, 89, 94, 95; *Collins* v. *Commonwealth*, 12 Bush [Ky.], 271, 272; *Morgan* v. *Frees*, 15 Barb., 352; *Smith* v. *Newton*, 84 Ill., 15; *Green*

v. *Town of Woodbury*, 48 .Vt., 5; 1 Greenl. Ev., § 459; 1 Bish. Cr. Law [6th ed.], § 468; *Kenter* v. *State*, 45 Ind., 178, 179; *Com.* v. *W——*, 3 Pittsburg Rep., 462, 466, 467.) It is true that the law requires more than what is equivalent to the testimony of one witness, but it does not require more than the testimony of one witness and some additional corroboration. (1 Greenl. Ev., § 257; *Hopkins* v. *Smith*, 3 Barb., 602; *People* v. *Burden*, 9 id., 468–476; *Com.* v. *Parker*, 2 Cush., 213, 222, 224; *State* v. *Raymond*, 20 Iowa, 583, 586–588; *Regina* v. *Hook*, Dearsly & Bell, 606, 614–616; *U. S.* v. *Wood*, 14 Peters, 430, 437–444; *Woodbeck* v. *Keller*, 6 Cow., 118; *Regina* v. *Shaw*, Leigh & Cave, 590.)

Miller, J. A writ of error in a criminal case brings up for review only questions of law raised by exceptions properly taken upon the trial (*Donahue* v. *The People*, 56 N. Y., 211); and no exception lies to a refusal to postpone a criminal trial by reason of the absence of witnesses: (*Commonwealth* v. *Drake*, 124 Mass., 21, 24; *The Same* v. *Donovan*, 99 id., 425.)

Assuming that the question raised as to the refusal of the court to postpone the trial is presented for review upon the writ of error, we are unable to see that any error was committed. The decision of questions of this nature rests very much in the sound discretion of the trial court; and unless it is entirely apparent that such discretion has been abused, there is no lawful ground for interference by a higher tribunal.

The affidavit upon which the application to postpone was made, in the case considered, presented no extraordinary facts, and it was fairly to be inferred for what purposes the witnesses named were designed. One of them manifestly was a subscribing witness to the will of Alfred Eighmy, deceased, the father of the defendant, about whose will the controversy arose, and there was no question in regard to the execution of such will. The other was acquainted with a witness for the People upon the trial of the indictment, and

probably intended to impeach the character of such witness. This could be done quite as well by other witnesses, and hence his testimony was not of such a vital character as to render his attendance indispensible. . Without additional proof to establish that these witnesses were absolutely essential for the defense, no good reason was shown for a postponement. Aside from the considerations suggested, it does not appear that a subpœna had been taken out or any effort whatever made to secure their attendance, or that this might not have been done by proper exertions. The allegation that a civil action was pending involving the facts in regard to which the perjury was committed, was not a sufficient ground for the postponement of the trial. The perjury alleged was committed in a case where a reference had been ordered on default, a decision been had, and a judgment entered. A conviction for perjury, therefore, could have no effect upon the decision of the referee. The reason given for the rule in the English courts, that the policy of the law forbids that a witness in a civil action pending should be made infamous through a conviction for perjury, obtained upon the testimony of a party to the suit while pending (Russ on Cr. [1 Am. ed.], 654; Wharton Cr. L., § 2280) has, therefore, no application. The most which can be claimed, under such a state of facts, is that it was a matter of discretion, and as it is not apparent that such discretion was improperly exercised, a higher tribunal could not interfere, even if it had the power to do so.

The objection that the indictment does not aver the commencement and pendency of the civil action in which the prisoner was sworn, so as to give the court jurisdiction of the subject-matter of the persons and parties, is not sustained. The indictment charges that a referee was duly and legally appointed in an action then pending in the Supreme Court of the State of New York, naming the parties; and this, we think, was a sufficient statement to show that the court had jurisdiction of the parties.

The objection that the indictment was defective because

the order of reference under which the referee acted does not appear by the indictment to have been made by the court in which the action was pending, but by an *ex parte* chamber order of the judge, is without merit. It will be noticed that the indictment avers that Verbeck "being a referee duly and legally appointed in the action by the Hon. JOHN S. LANDON, one of the justices of the Supreme Court, by an order duly made * * * in said action at the chambers of said justice in the city of Schenectady, said Verbeck was appointed as referee to take proof of all the material facts, * * * and being then and there duly authorized and qualified to execute the duties of the office of referee, *. * *' and then and there duly empowered and authorized to administer oaths in that behalf, and duly empowered to administer such oath," etc. These allegations show that the referee was lawfully appointed in the action, that such appointment was duly made by the order of a judge having authority for such a purpose at his chambers, and that the referee was authorized and qualified to act as such, and, I think, were sufficient. It is to be presumed that the judge acted according to law ; and as he had a right to hold a Special Term at his chambers, and the appointment is averred to be lawfully made, the legitimate inference is that it was done at Special Term. The case is different from one where there is an entire want of authority of the court or the officer ; and although the indictment must show jurisdiction strictly, I think it sufficiently appears from the facts stated therein. This rule should especially apply where the court is one of general, and not of special jurisdiction : (*People* v. *Powers*, 6 N. Y., 50, 52; *People* v. *Golden*, 3 Park. Cr., 330.)

It is not necessary, even in an indictment for perjury committed before an inferior court, to set out all the facts to show authority of such court of limited jurisdiction, and it is sufficient to aver that it had sufficient and competent authority to administer the oath : (*Reg.* v. *Lawler*, 6 Cox Cr. Cas., 187; *Lavey* v. *The Queen*, 5 id., 269.) Much

less is so great a degree of exactness required where the averment relates to a court of general jurisdiction. The case considered differs from one where the indictment charges the perjury to have been committed in an action pending, and that the referee was appointed by a court which has no legal existence, as was the case in *Geston* v. *The People* (4 Lans., 487).

It is said that the order of reference must be made by the court and actually entered, before the referee has jurisdiction to administer the oath. I think it was sufficient to establish that it was the order of the court that a copy was inserted in the judgment-roll. It is enough that the court actually made the order : (*People* v. *Central City Bank*, 53 Barb., 412; *Wheeler* v. *Falconer*, 7 Rob., 45, 49.) In *Bonner* v. *McPhail* (31 Barb., 107, 115) — which is relied upon by the prisoner's counsel — it appeared affirmatively, upon the plaintiff's own proof, that at the time when the slanderous words were uttered for which the plaintiff sought to recover damages, the person before whom the case was tried was not a referee in the action, and he had no authority to administer oaths and examine witnesses. We think proof of the entry of the order was not required ; and if it was actually granted, it was enough, and was not invalid.

The objections to the evidence showing that the testator burned the will, and to his declarations accompanying the alleged act, were not well taken. The object of the evidence was to contradict the testimony of the prisoner, in reference to which the alleged perjury was committed, which was in substance that Alfred Eighmy, Jr., had told him that he had taken charge of all the private papers of Alfred Eighmy, deceased, and in moving them he had lost some of them and had lost the will ; and that the prisoner had requested the said Alfred Eighmy, Jr., to make an affidavit to the fact that he had lost the will, so as to use it in establishing said will as lost. The proof would tend strongly to corroborate the testimony of Alfred Eighmy, Jr., and to establish the alleged perjury. The rule is well established, that anything

said accompanying the performance of an act, explanatory thereof or showing its purpose or intention, when material is competent as a part of the act: (1 Greenl. on Ev. [13th ed.], §§ 108, 109; Wharton on Ev., 262; *People* v. *Davis*, 56 N. Y., 102.) Such declarations constitute a part of the *res gestæ* and are admissible as such: (*Waterman* v. *Whitney*, 11 N. Y., 157, 162.) In the case last cited the rule is laid down, that upon a question of revocation no declarations of the testator are admissible, except such as accompany the act by which the will is revoked, and for the purpose of showing the intent of the act. (See also *Swift* v. *Mass. Mut. Life Ins. Co.*, 63 N. Y., 190.)

The proof given showed that the testator proceeded to his sleeping room, brought out his private papers, which were in a small tin trunk, and took the papers out of the trunk. Among them was one in its appearance like a sheet of foolscap writing paper folded in law form, to which a seal was attached. He opened it, apparently read it, and it remained in his hands for some ten or fifteen minutes. He then folded it up and put it in the stove, where it was burned up and destroyed. He, at the time, said that it was his will. stated what provisions it contained, and gave as a reason for destroying it that his son had not done as he agreed to do. Taking into consideration that there was proof besides the evidence objected to that the deceased had executed a will containing the same provisions as those which he stated were in the paper destroyed by him, which was in his possession while alive, and which was not found after his death; that the paper destroyed was kept among the private papers of the deceased; the manner in which it was folded, and the seal attached thereto; there was certainly some evidence to establish that the paper destroyed was the will of the deceased. This was a legitimate inference from the circumstance referred to, and in connection with the declarations of the deceased, constituted a part of the *res gestæ*. Although not conclusive, the facts proven at least furnish some evidence on the subject, and hence there was no error

in the admission of the testimony. The line is a very close one between the proof of a particular act indicating the intention of a party, or of circumstances from which a legal inference may be drawn that such act did take place ; but we think the evidence introduced may be upheld within many of the reported decisions: (See *Hunter* v. *The State*, 40 N. J. L. R., 495; 1 Ph. on Ev. [C. & H. & Edw.'s notes, ed. of 1868], 185; *Antaugua Co.* v. *Davis*, 32 Ala., 703; *Pitts* v. *Burrows*, 6 id., 733; *State* v. *Howard*, 32 Vt., 380; *Reg.* v. *Edwards*, 12 Cox Cr. Cas., 230.) The competency of the evidence given is also supported by the presumption of law that a will proved to have existed, but not found by the representatives of the deceased after the testator's death, was destroyed by him *animo revocandi :* (*Knapp* v. *Knapp*, 10 N. Y., 276.)

The offer to prove the declarations of the deceased after the alleged destruction of the will, was properly overruled for the very apparent reason that such declarations were not accompanied by acts, and in no way constituted a part of the *res gestæ.* The distinction between the two classes of cases is quite obvious ; and as declarations are only admissible for the purpose of showing the intent, when they accompany an act by which a will is revoked, it follows that they are incompetent, when made alone, without such act. When declarations offered are merely a narrative of past occurrences, they are incompetent: (1 Greenlf. on Ev., § 110; *People* v. *Davis, supra; Waterman* v. *Whitney, supra.*)

It was also competent for the prosecution to show that when Alfred Eighmy signed the affidavit sworn to by him, he was imposed upon by the prisoner, and his signature obtained by the substitution of one paper for another which had been read to him, the last of which contained a clause which was not in the first paper. The prisoner had testified before the referee that Alfred Eighmy, Jr., had made an affidavit at his request, in which he stated certain matters, and he in part based his testimony on this affidavit, which was produced. It was proper to prove what affidavit was

referred to and its contents, and the manner in which it was obtained; that in fact Alfred never swore to the affidavit as presented, for the purpose of showing the perjury of the prisoner in regard to the affidavit Alfred had made; and what Alfred actually swore to. It was also competent to show that Alfred never swore, in the affidavit he intended to sign, to what the prisoner testified he had, for the purpose of proving that he did not believe the will to be lost; and that he never had the information contained in the fraudulent affidavit, which information the prisoner swore he had obtained from him. The testimony of Freeman was also competent, as it bore upon the same subject.

The judgment-roll was also properly admitted in evidence to show what proceedings had been taken, and the referee's evidence does not appear to be open to any valid objection. The petition and letters of administration also constituted a material part of the evidence and are not liable to objection.

The refusal of the court to compel the public prosecutor to furnish to the prisoner's counsel the evidence before the grand jury, was a matter resting in the discretion of the court, and is not the subject of review upon this writ of error.

We are also of the opinion that the evidence was sufficient to sustain the conviction of the prisoner, having in view the rule applicable to cases of perjury, that the evidence of one witness or oath against oath is not enough, and that the testimony of a single witness for the prosecution should be corroborated. This question is sufficiently considered in the opinion of the General Term by LEARNED, J., and further comment is not demanded.

For the reasons given the judgment of the General Term should be affirmed.

All concur, except CHURCH, Ch. J., and DANFORTH, J., dissenting.

Judgment affirmed.