## Oyer and Terminer.—New York County.

*February*, 1884.

### PEOPLE *v.* BELLOWS.

### BILL OF PARTICULARS.

A copy of the minutes of the grand jury may, in the discretion of the court, be ordered to be furnished to the accused when necessary to enable him to prepare for trial.

Where the statements of an indictment are sufficiently definite to advise the accused of the charge made against him he is not entitled to any further particulars; but where the counts are so general and embrace so many subjects that they do not advise the accused with sufficient distinctness of the charge in each made against him, the particulars as to these charges should be given to defendant so that he may be prepared to meet them.

Motion by the defendant Ira C. Bellows for a bill of particulars and a copy of the minutes of the grand jury.

The defendant who was under three indictments, found September 18, and October 10, 1883, for embezzlement and grand larceny alleged to have been committed April 7, September 20, and November 6, 1882, while a clerk in the bureau of the Water Register in the department of Public Works, in the city of New York, made this motion on grounds set forth in the opinion.

*John R. Dos Passos*, for defendant, for motion.

*Peter B. Olney*, district attorney, *Edward L. Parris*, assistant, for the people, in opposition.

BRADY, J.—The defendant moved at the Court of Oyer and Terminer that he be furnished with a bill of particulars in relation to the several indictments found against him, and for a copy of the minutes of the grand jury or permission to inspect the same through his counsel. The application rests upon the affidavit of the latter stating that it would be unsafe for him to

proceed to trial, and that he could not make the necessary preparation for a complete defense, unless furnished with such bill of particulars and a copy of the minutes of the grand jury.

I have not the time to give more than a general statement of the reasons which lead to the conclusions which I am about to state, and therefore give little more than the result only of my examination of the application.

In the case of Eighmy *v.* People, 79 *N. Y.* 546–560, it was declared that the refusal of the court to compel the public prosecutor to furnish the prisoner's counsel with the evidence before the grand jury was a matter resting in the discretion of the court, and was not the subject of review upon writ of error. The necessity for a copy of the minutes in this case is not, I think, sufficiently shown by the affidavit of counsel. I entertain the opinion, however, that in some respects the particulars which he seeks to obtain for the benefit of his client should be given, if the indictments in the form in which they now exist are to be pressed on all the counts contained in them of embezzlement and grand larceny.

The statement of the embezzlement is sufficiently definite to advise the defendant of the charge made against him, and therefore as to them he is not entitled to any further particulars. In relation, however, to the counts for grand larceny it must be said that they are so general, and embrace so many subjects of larceny, that they do not advise the defendant with sufficient distinctness of the charge in each made against him. Each of them is, in my judgment, altogether too indefinite in its character. The defendant should be advised of the accusation against him, with sufficient certainty to enable him to prepare for his defense. There is no good reason why such a requirement should not be enforced. Each person accused of crime should be given the benefit of every reasonable opportunity to prepare for his defense, and to prove his innocence. The law is not seeking victims, but criminals, and every man until he is proved to be guilty is presumed to be innocent. If for example a person is charged with appropriating a check belonging to another, and its proceeds, and desires it, a copy of the check should be given to him. If he is charged with stealing a sum of money, inasmuch as the public prosecutor knows

what sum he is accused of having stolen, unless it is stated in such a way in the indictment as to advise him clearly of it, he should, on application, be fully informed so as to enable him to prepare for his defense.

The Code of Criminal Procedure by the sections relating to the form of an indictment (§§ 275, 276) declares that there shall be a plain and concise statement of the act, constituting the crime, without unnecessary repetition. And this is in conformity to a very plain and just proposition, which is, when a man is charged with the commission of an offense, he should be so advised of it that he may understand it, and what preparation is necessary to make and establish his innocence, if he can do it, and this rule applies more particularly to a case like this in which the defendant was not taken before a magistrate in the first instance where he would be entitled to a hearing, and therefore to a perfect exposition of the charge made against him.

For these reasons, briefly stated, I think, in reference to the charges of embezzlement, no further particulars are necessary, although in regard to the check alluded to in one of them, a copy should be furnished, if desired by the defendant; and as to the charges of grand larceny the sums stolen, upon proof of which the people rely, should be particularly stated, so that the defendant may be advised of the precise charges under the counts relating to the crime and thus be enabled to prepare to meet them.